UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RONNELL PARKS<br>15205 Noblewood Lane<br>Bowie, MD  20716<br><br>            Plaintiff,<br><br>      v.<br><br>E.W. SCRIPPS CO., INC.<br>1090 Vermont Avenue, NW<br>Washington, DC 20005<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT TO REMEDY RACIAL DISCRIMINATION IN EMPLOYMENT

1. This is an action to remedy defendant's conduct in terminating plaintiff because of his race, in violation of 42 U.S.C. § 1981.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4).  Venue is proper in this District under 28 U.S.C. § 1391(b).

2. Plaintiff Ronnell Parks (Parks) is a black citizen of the United States.

3. Defendant E.W. Scripps Co., Inc. (Scripps) is a media company headquartered in Cincinnati, Ohio.  Among other things, Scripps publishes newspapers throughout the United States and owns television stations in some 20 cities.  Scripps also owns the Scripps Howard, Inc., a news service that maintained an office in Washington, DC.

4. In 1988, plaintiff Parks began working as a mail clerk in the Scripps Howard office in Washington, DC, which had about 60 employees.  He also worked at the reception desk.

5. Parks was proficient at his job and received positive annual evaluations.  He was also well liked by the other employees in the office.


6. Parks was often the only African American in the Washington office. He was always the lowest paid employee in the office.

7. In 2002, Parks had been working for defendant Scripps for 15 years and had received few raises. For that reason, he filed a charge of racial discrimination with the Equal Employment Opportunity Commission.

8. Parks continued working for Scripps after filing the charge with EEOC. He continued to perform his job well, continued to receive positive annual evaluations, and his fellow employees continued to like him.

9. In June 2011 – when Parks had been working for Scripps over 20 years – he was fired without warning. He was told only, "we are moving in another direction." He was offered a severance payment of $6,700, contingent on his signing a release of claims of discrimination against Scripps. Parks refused to sign the release and got no severance.

10. Parks has not had full-time work since Scripps fired him.

11. The actions of defendant Scripps have caused plaintiff Parks monetary loss. These actions have also caused significant non-monetary loss, including emotional distress, anxiety, pain and suffering, humiliation, and loss of enjoyment of life.

12. The actions of defendant Scripps were malicious, willful, wanton and in reckless disregard of the rights of plaintiff Parks.

**RACIAL DISCRIMINATION**

13. The actions of defendant Scripps, including firing plaintiff Parks, were taken because of his race, in violation of 42 U.S.C. § 1981.

## RELIEF

Plaintiff asks the Court to grant the following relief:

1. Declare that defendant's action in firing plaintiff violated plaintiff's rights under 42 U.S.C. § 1981;

2. Award plaintiff compensatory damages for the monetary loss he suffered as a result of defendant's firing, including loss of pay and benefits, and for the non-monetary loss, including pain and suffering, emotional distress, anxiety, humiliation, loss of enjoyment of life, and other injuries defendant's actions have caused, in an amount to be proven at trial;

3. Award plaintiff punitive damages, in an amount to be proven at trial;

4. Order defendant to pay plaintiff's costs, including reasonable attorneys' fees and any other costs allowed by law;

5. Award prejudgment interest as allowed by law;

6. Order such other and additional relief as the Court deems just and equitable.

### Jury Demand

Plaintiff requests trial by jury.

_____
Douglas B. Huron 89326
Richard A. Salzman 422497
HELLER, HURON
CHERTKOF & SALZMAN
1730 M Street, NW
Suite 412
Washington, DC 20036
(202) 293-8090

Counsel for plaintiff